UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HECTOR MORALES,

    Plaintiff,

**JURY TRIAL DEMANDED**

v.

VINNIE'S LOBSTER BAR, INC., a Florida for-profit corporation, VINCENT NAPOLITANO, and FRANCES NAPOLITANO,

    Defendants.

_____/

## **COMPLAINT FOR DAMAGES**

Plaintiff, HECTOR MORALES, ("MORALES"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, VINNIE'S LOBSTER BAR, INC., a Florida for-profit corporation, (hereinafter "VINNIE'S LOBSTER BAR"), VINCENT NAPOLITANO, (hereinafter "V. NAPOLITANO"), and FRANCES NAPOLITANO, (hereinafter "F. NAPOLITANO"), and states as follows:

### **INTRODUCTION**

1. This is an action to recover minimum wage compensation under the Fair Labor Standards Act (FLSA) as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), as well as unpaid minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

### **JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendant, VINNIE'S

LOBSTER BAR, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, VINNIE'S LOBSTER BAR, V. NAPOLITANO, and F. NAPOLITANO operated a restaurant. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handled food and drinks which were originally manufactured outside the State of Florida.

4. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

   b. Defendants were and continue to be corporation and an individual doing business within this judicial district.

## PARTIES

8. At all times material hereto, Plaintiff, MORALES was and continue to be a resident of Miami, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, corporate Defendant, VINNIE'S LOBSTER BAR, was conducting business in Davie, Broward County, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants were the employers of Plaintiff, MORALES.

11. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

12. At all times material hereto, Defendants knowingly, willfully and maliciously failed to pay Plaintiff, MORALES his lawfully earned wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, corporate Defendant, VINNIE'S LOBSTER BAR was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about October 24, 2016, Plaintiff, MORALES was hired by the Defendants as a server at the Defendants' restaurant. His employment terminated on or about December 22, 2016.

18. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

19. Defendants, V. NAPOLITANO and F. NAPOLITANO were supervisors and or manager/owners who were involved in the day-to-day operations and/or were directly responsible for the supervision of the Plaintiff. Therefore, they are personally liable for the FLSA violations.

20. Defendants, V. NAPOLITANO and F. NAPOLITANO were directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

21. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

22. Plaintiff, MORALES realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

24. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages. Plaintiff worked hours for the Defendants for which he was paid below the statutory minimum wage.

25. With respect to the payment of wages, the Defendants unlawfully availed themselves to an FLSA "tip credit." Hence, Plaintiff was paid below the minimum wage for his work hours.

26. The Defendants acted willfully and maliciously, in violating Plaintiff's rights.

27. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a.  judgment in his favor for all unpaid minimum wages due or payable;

b.  liquidated damages;

c.  attorney's fees and costs pursuant to the FLSA;

d.  post-judgment interest; and

e.  all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

28. Plaintiff, MORALES realleges Paragraphs 1 through 21 as if fully stated herein.

29. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

30. During Plaintiff's employment, Defendants paid him less than the statutory minimum wage for his work hours. Moreover, Defendants did not permit the Plaintiff to "clock in" for his work hours.

31. The Defendants unlawfully availed themselves to an FLSA tip credit, and otherwise failed to pay minimum wages for all hours worked.

32. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED: January 13, 2017.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiffs
1930 Tyler Street
Hollywood, FL 33020
Phone: (954) 922-2298
Fax: (954) 922-5455

peter@boberlaw.com
samara@boberlaw.com

By: s/. Peter J. Bober, Esq.
    PETER BOBER
    FBN: 0122955
    SAMARA ROBBINS BOBER
    FBN: 0156248